### KABATCHNICK v. KABATCHNICK.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

DIVORCE—ALIMONY.

     An order, made at special term, reducing the amount of alimony which a defendant was to pay from $20 to $10 a week, will not be disturbed on appeal by defendant, where there was no change in the condition of the parties, or his ability to pay. since the original order was made, and he incurred large expenses in seeking to reduce such amount.

Appeal from special term.

Action by Bertha Kabatchnick against Jacob Kabatchnick. From an order modifying a judgment in a suit for separation by reducing alimony from $20 to $10 per week, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Wm. Henry Knox, for appellant.

James C. Cropsey, for respondent.

GOODRICH, P. J.   In the judgment the defendant was ordered to pay the plaintiff $20 a week for the support of herself and five children, with a provision that application could be made to reduce the amount of alimony upon any change in the condition of the parties or their children.   The defendant applied at special term for an order reducing the amount of the alimony.   The matter was referred to a referee, to ascertain whether there had been any change in the condition of the parties since the entry of the judgment, and the referee reported that in his opinion there had been no such change as to justify a reduction of the alimony.   A motion was made and granted to send the matter back to the referee, directing him, without taking further testimony, to report as to the ability of the defendant to pay the alimony; and the referee reported that at the time of the judgment the defendant had no means to pay the alimony, although for some time thereafter he paid the same, that there had been no material change in his ability since that time, and that his ability to pay alimony remained unchanged.   On motion to confirm the two reports, an order was made at special term directing a modification of the judgment by reducing the past and future alimony from $20 to $10 per week, and ordering the defendant to pay the same.   From this order the defendant appeals.

It is not necessary to summarize the evidence upon which the report of the referee and the order of the court were based.   It is sufficient to say that we can find no reason to change the terms of the order.   One of the grounds upon which the appeal is largely argued is that the defendant is unable to pay the reduced amount of alimony.   His contest in this proceeding has resulted in hearings before the referee which commenced on March 13, 1897, and continued in various sessions until May 11th, during which time over 600 folios of oral testimony of 12 witnesses were taken.   The record on appeal contains more than 300 pages.   Counsel was employed by defendant, whose fees (which, from the care manifested by him in the conduct of the reference and proceedings, and in the brief and argument of the appeal, will assume no mean proportions). together with the expenses of printing the record and brief, if capitalized by the defendant for the support of his wife and children, would probably have been sufficient to form a fund out of which he could have paid out the moneys which he is directed to pay by the order of the special term from the date of the original judgment up to the present time.   Under these circumstances, we are not swift to seek reasons for a reversal of the order.

An examination of the whole record confirms us in the opinion that the order should be affirmed, with $10 costs and disbursements.   All concur.